**Affirmed and Memorandum Opinion filed December 17, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-01097-CV

## IN THE MATTER OF MARSHALL GRANDCHILDREN'S TRUST

**On Appeal from the Probate Court No. 4
Harris County, Texas
Trial Court Cause No. 443778**

## MEMORANDUM OPINION

Appellee Preston Marshall sued appellant Elaine Marshall, his mother, concerning a trust for which Preston is a beneficiary and Elaine is a trustee. Elaine appeals the denial of her motion to dismiss under the Texas Citizens Participation Act (TCPA).[1] We affirm because Elaine has not shown by a preponderance of the evidence that Preston's legal action was based on, related to, or in response to Elaine's exercise of her right to petition.

---

[1] *See* Tex. Civ. Prac. & Rem. Code ch. 27; *see also In re Lipsky,* 460 S.W.3d 579, 584 & n.1 (Tex. 2015).

BACKGROUND

This litigation involves several trusts created by J. Howard Marshall, II. Elaine is the trustee and income beneficiary of one trust (Marital Trust), and she is a cotrustee of the Marshall Grandchildren's Trust, Trust No. 2 (GCT #2), for which Preston is a beneficiary. The GCT #2 includes a provision in Article XV that Preston contends should exclude Elaine from making distribution decisions:

> Harvey R. Sorensen (or, if he ceases to act as cotrustee hereof, the successor cotrustee other than E. Pierce Marshall or Elaine T. Marshall) shall be solely responsible for making all discretionary distribution decisions with respect to which the other cotrustees (or cotrustee) has or may have, in the sole judgment of Harvey R. Sorensen, any legal obligation, whether of support or otherwise, or which would otherwise result in any possible direct or indirect benefit to the other cotrustees or cotrustee.

According to Preston's third amended petition, Legacy Trust Company, N.A. was appointed as Sorensen's successor and served as a cotrustee with Elaine at the time of this suit.

Preston attached evidence to show that he had owed money on a note to the Marital Trust, and he alleged in his petition that Elaine used a "mandatory income distribution from the GCT #2 to pay down a note to herself, enlarging the corpus of the Marital Trust from which she derives income." Preston alleged that he had "initiated lawsuits" against Elaine, and he alleged that Legacy Trust should now make all decisions related to distributions from the GCT #2 "[b]ecause Preston has filed several suits against Mrs. Marshall."

Preston referred to and attached a letter from Legacy Trust to Elaine, in which Legacy contended:

> Currently, Preston's obligations to the Marital Trust where you are sole income beneficiary and Trustee and the ongoing litigation matters

suggest that you in your capacity as Co-Trustee may be beneficially impacted by discretionary distribution decisions from [GTC #2]. Given the circumstances, Legacy Trust Company is bound per the terms of the [GTC #2] agreement to solely make distribution decisions.

Legacy Trust referred to Article XV of the GTC #2 for its sole authority to make distribution decisions.

Preston brought several claims against Elaine in his third amended petition. One of the declarations he sought in his request for a declaratory judgment was:

Because distribution decisions from the GCT #2 would result in possible direct or indirect benefit to Mrs. Marshall given her ongoing litigation with Preston and her claim that Preston owes the Marital Trust money, Legacy Trust has sole discretion over distributions to Preston of GCT #2's net income.

Elaine filed a motion to "partially dismiss" Preston's petition under the TCPA. She argued that the TCPA applied because Preston's petition "target's Mrs. Marshall's exercise of her right to petition by defending herself in court." She argued that her "responses to Preston's lawsuits" were protected by the TCPA, and that Preston's suit was based on, related to, or in response to Elaine's making or submitting of a statement or document in or pertaining to a judicial proceeding. The trial court did not rule on the motion, so it was denied by operation of law, and Elaine appealed. *See* Tex. Civ. Prac. & Rem. Code § 27.008(a).

## ANALYSIS

In her first issue, Elaine contends that the TCPA applies to Preston's claim because his claim relates to Elaine's "defense of herself in court."

To be entitled to dismissal under the TCPA, Elaine has the initial burden to show by a preponderance of the evidence that Preston's claim "is based on, relates to, or is in response to" Elaine's exercise of the right to petition. *See In re Lipsky*,

3

460 S.W.3d 579, 586 (Tex. 2015); *see also* Act of May 18, 2011, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961 (codified as amended at Tex. Civ. Prac. & Rem. Code § 27.005(b)).[2]   An "exercise of the right to petition" means "a communication in or pertaining to . . . a judicial proceeding."   Tex. Civ. Prac. & Rem. Code § 27.001(4)(A)(i).[3]   A "communication" is broadly defined as "the making or submitting of a statement or document in any form or medium."   *Id.* § 27.001(1); *see also Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018).   We review de novo whether Elaine established by a preponderance of the evidence that the TCPA applies to Preston's claim.   *See Deaver v. Desai*, 483 S.W.3d 668, 672 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

In *Youngkin*, upon which Elaine relies, the plaintiff sued an attorney for fraud, alleging that the attorney recited the terms of a Rule 11 agreement in open court knowing that his clients had no intention of complying with the agreement. *See* 546 S.W.3d at 678–79.   The Supreme Court of Texas held that the TCPA applied to the plaintiff's claims because the alleged liability stemmed from the dictation of a Rule 11 agreement into the court record during a trial.   *See id.* at 680. The court reasoned that the attorney "made a statement in a judicial proceeding." *Id.*

Unlike in *Youngkin*, Preston's petition does not assert a claim related to any particular statement that Elaine has made in any other lawsuit.   Preston's petition refers generally to the fact that Preston "filed several suits" against Elaine and there is "ongoing litigation" between them.   Elaine notes that she filed answers in

---

[2] The Legislature amended the TCPA in 2019, but the amendment does not apply to this case, which was filed before September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 3, 11–12, 2019 Tex. Sess. Law Serv. Ch. 378 (West).  Any citations to the TCPA in this opinion are to the version of the statute in effect when Preston brought this action.

[3] The phrase includes communications made under other circumstances; we focus on the definition that Elaine relies upon in her brief.

those lawsuits.  But, Preston's petition and the documents referenced by Elaine do not show by a preponderance of the evidence that Preston's request for a declaratory judgment regarding Article XV of the GTC #2 is related to Elaine's answers in those lawsuits.  For the TCPA to apply, the plaintiff's claims must relate to the ***movant's*** right to petition, i.e., the movant's "communication."  *See Jardin v. Marklund*, 431 S.W.3d 773–74 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (TCPA did not apply regarding the movant's right to petition because the communications cited by the plaintiffs as the basis for their claim against the movant were not communications made by the movant), *overruled on other grounds by Houston Tennis Asoc., Inc. v. Thibodeaux*, 602 S.W.3d 712, 719 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *cf. Shields v. Shields*, No. 05-18-01539-CV, 2019 WL 407997, at *7 & n.10 (Tex. App.—Dallas Aug. 29, 2019, pet. denied) (mem. op.) (holding that the defendant failed to meet his initial TCPA burden because the defendant failed to identify the content of the allege communications, and without knowing the content of the communications, the court could not determine if applying the TCPA would lead to absurd results). Preston's reference to the fact that ***he*** sued Elaine does not demonstrate that Preston's claims relate to any statement or document that ***Elaine*** made in or pertaining to any judicial proceedings.

Accordingly, Elaine has not demonstrated by a preponderance of the evidence that Preston's claim is based on, relates to, or is in response to Elaine's exercise of the right to petition.  Her first issue is overruled.

## CONCLUSION

Having concluded that the trial court did not err by allowing the motion to be denied by operation of law, we affirm the trial court's implied ruling.


/s/     Ken Wise
       Justice


Panel consists of Justices Wise, Jewell, and Poissant.